CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| DONNIE WAYNE SENSABAUGH, | ) | |
| | ) | Civil Action No. 7:11-CV-00443 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Memorandum Opinion** |
| | ) | |
| STEPHANIE SHORTT, *et al.*, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| *Defendants.* | ) | |

Donnie Wayne Sensabaugh, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Currently, Sensabaugh is detained under an order of civil commitment, pursuant to Va. Code. Ann. § 37.2-900 et seq. Sensabaugh prepaid the $350.00 filing fee to bring a civil action, and accordingly the Court denied Sensabaugh's prior motions to appoint counsel. Sensabaugh has now filed an application to proceed in forma pauperis (Dkt. No. 8). The Court grants Sensabaugh's application to proceed in forma pauperis. See McCullough v. United States, No. 3:11-cv-176, 2011 WL 3652332, at *1 (E.D. Va. Aug. 18, 2011) (allowing an inmate to proceed in forma pauperis after paying the full filing fee). Because the Court has granted Sensabaugh's application to proceed in forma pauperis, the matter is now before the Court for screening, pursuant to 28 U.S.C. § 1915(e). After reviewing the allegations in Sensabaugh's complaint and papers filed with his in forma pauperis application, the Court concludes that Sensabaugh's allegations do not meet the standard under 28 U.S.C. § 1915(e)(2). Accordingly, the Court dismisses Sensabaugh's complaint without prejudice for failing to state a claim upon which relief may be granted

1

I.  **Standard of Review**

A court must dismiss an action if the Court determines the action (1) is "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second part of the standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations ... to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions...." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the party's advocate, sua sponte developing statutory and constitutional claims the party failed to clearly raise on the face of his or her complaint. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th

Cir. 1978) (recognizing that district courts are not expected "to assume the role of advocate for the pro se plaintiff").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

II. **Discussion**

Sensabaugh's allegations appear to concern actions allegedly taken by judges, the prosecutor, the sheriff, the sheriff's investigator, the Clerk of the Circuit Court, and his attorneys in prior case or cases concerning him. Throughout his complaint Sensabaugh asserts that he is 120% not guilty. The Court notes that Sensabaugh's complaint is handwritten and nearly illegible. Further, the complaint is largely not written in complete sentences making it difficult at best to decipher. With those limitations in mind, the Court believes Sensabaugh makes the following claims:

(1) Judge Edward Turner III was biased against him and failed to determine if Sensabaugh committed the crime charged when he pled guilty;

(2) Judge Ray Grubb, failed to allow him to pick his own lawyer when his appointed lawyer had a conflict of interest;

(3) Shannon Zeman, Sheriff of Floyd County, never investigated the crime and violated his right to due process;

(4) Steve Graham, the Floyd County Sheriff's investigator, never investigated the crime and never asked Sensabaugh for his side of the story;

(5) Stephanie Shortt, Commonwealth's Attorney, violated his right to a speedy trial and tampered with evidence;

(6) Brian J. Brydger, at the law firm of Johnson Ayers & Matthews, acting as an attorney for Commonwealth Attorney Shortt, violated his constitutional rights;

(7) Wendell G. Peter, Clerk of the Circuit Court, failed to docket the lawsuits Sensabaugh filed, failed to answer his mail, and failed to withdraw Sensabaugh's plea;

(8) His attorney, Frederick M. Kellerman, was constitutionally ineffective, had a conflict of interest, failed to provide him with copies of documents to aide in the preparation of his defense, and denied him access to the courts and justice system;

(9) His attorney, Travis H. Eppes IV, was constitutionally ineffective for failing to ensure he received a speedy trial.

For each of these alleged violations, Sensabaugh requests compensatory damages. Sensabaugh does not support any of these allegations with sufficient facts. As such, these allegations are nothing more than legal conclusions that are not entitled to the presumption of truth. Furthermore, the Court notes that the Judges, the Sheriff, the Sheriff's investigator, the Commonwealth's Attorney, and the Clerk all enjoy various forms of immunity from suit. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (noting individuals who play an integral part in the judicial process enjoy complete immunity); Johnson v. Turner, 125 F.3d 324, 332 (6th Cir. 1997) (finding clerk's office employees are entitled to quasi-judicial immunity). Indeed, judges and prosecutors enjoy absolute immunity. See Mireles v. Waco, 502 U.S. 9, 10 (1991) ("[A] judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal citations omitted). Finally, qualified immunity protects government officials from civil suits for damages "insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, Sensabaugh's complaint, which consists of nothing more than conclusory allegations and allegations barred by absolute or qualified immunity, fails to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's leave to proceed in forma pauperis and dismisses his complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate order shall this day issue.

ENTER: This 26th day of January, 2012.

_____
Senior United States District Judge