CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 21 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE WAYNE SENSABAUGH, | Civil Action No. 7:11-cv-00443 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| STEPHANIE SHORTT, *et al.*, | By: Hon. James C. Turk |
| *Defendants.* | Senior United States District Judge |

Donnie Wayne Sensabaugh, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. This case is presently before the Court on what the Court construes as a motion to alter or amend its prior judgment, under Fed. R. Civ. P. 59(e). (Dkt. No. 14).

This Court previously dismissed Sensabaugh's case for failure to state a claim. (Dkt. No. 10). However, subsequently, the Court learned that Sensabaugh had mailed an Amended Complaint prior to his case being dismissed. Accordingly, the Court vacated its prior dismissal order to see if the Amended Complaint stated a claim upon which relief could be granted. (Dkt. No. 12). The Court reviewed the Amended Complaint but did not find any new evidence or claims that could survive screening under 28 U.S.C. § 1915(e), so the Court dismissed the Amended Complaint for failure to state a claim. (Dkt. No. 12).

In his motion to amend the Court's judgment Sensabaugh makes the following arguments: (1) the ten law suits "still stand" because they were "send … before January 22, 2012",[1] (2) he paid the $350 filing fee and is entitled to a lawyer, and (3) he should have been granted leave to amend his Complaint. Additionally, Sensabaugh appears to restate, in an abbreviated form, the arguments he made in his Complaint and Amended Complaint.

---

[1] The Court construes this as an assertion that Sensabaugh served his complaint on the ten defendants.

1

A motion to alter or amend a final judgment under Fed. R. Civ. P. 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted); see Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010).

None of the arguments advanced by Sensabaugh satisfy the Rule 59(e) standard. There has been no change in the controlling law and Sensabaugh has not presented new evidence that was previously unavailable to him. Finally, Sensabaugh has failed to present any evidence of a "manifest injustice" in his case, despite what the Court believes is his sincere belief to the contrary. Sensabaugh's argument that his law suits should "still stand" because they were served before January 22, 2012, is unpersuasive for two reasons. First, there is no indication that Sensabaugh followed the proper procedures to serve his law suits and thus service would be ineffective under Fed. R. Civ. P. 4. Specifically, there is no evidence that a summons was ever issued in this case; nor is there any evidence that a waiver of service was sought. Second, and, more importantly, even if Sensabaugh had properly served his Complaint on the ten defendants, proper service does not trump this Court's obligation to dismiss legally meritless claims pursuant to 28 U.S.C. § 1915(e). Additionally, Sensabaugh's argument that he is entitled to an attorney because he paid the filing fee is unpersuasive. Although the Court granted Sensabaugh's application to proceed in forma pauperis, which under certain circumstances would entitle him to a court appointed attorney, as noted above, the Court was obligated to dismiss his case under 28

U.S.C § 1915(e) for failure to state a claim. Thus, Sensabaugh was not entitled to a court appointed attorney.

For the foregoing reasons, the Court denies Plaintiff's motion to alter or amend the judgment. An appropriate order shall this day issue.

**ENTER**: This 21st day of March 2012.

                                               Senior United States District Judge